| | | |
|---|---|---|
| HAROLD CLAYTON BARTLEY, deceased, | ) | |
| by surviving spouse and next of kin, | ) | |
| DEBORAH LYNNE BARTLEY, JEANA C. | ) | |
| BARTLEY-SHEWMAKER, daughter of | ) | |
| Harold Clayton Bartley, and JOEL C. | ) | |
| BARTLEY, son of Harold Clayton Bartley, | ) | |
| | ) | |
| Plaintiffs, | ) | No.: 3:07-CV-64 |
| | ) | (VARLAN/GUYTON) |
| v. | ) | |
| | ) | |
| J.C. CUNNINGHAM, LOGIE A. PHILLIPS, | ) | |
| and LONESOME DOVE TRUCKING, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On March 12, 2008, pursuant to paragraph 3(i) of the Scheduling Order [Doc. 20] in this matter, the Court conducted a telephone conference regarding a discovery dispute between the parties. Attorneys Bruce D. Fox and John A. Willis appeared on behalf of the plaintiffs, and attorney Terrill L. Adkins appeared on behalf of the defendants. The parties sought the Court's guidance in resolving a dispute over the responses of defendants Logie A. Phillips and Lonesome Dove Trucking to the plaintiffs' First Set of Interrogatories and plaintiffs' Request for Production of Documents.

The Court will address each of the disputed items in turn. The language of each disputed request and any answer will be included for each disputed item.

## I.    First Set of Interrogatories

### A.    Interrogatory # 8

Discovery Request:

Please state the name, address, and employer of each and every person known to you or your representative who claims to have any knowledge of the circumstances surrounding the incident in question.

Answer:

[No answer provided.]

During the telephone conference, defense counsel stated that the answer to this item was inadvertently omitted.  Accordingly, the defendants are **DIRECTED** to answer Interrogatory # 8.

### B.    Interrogatory # 11

Discovery Request:

List the name, address, and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

Answer:

[No answer provided.]

During the telephone conference, defense counsel stated that the answer to this item was inadvertently omitted.  Accordingly, the defendants are **DIRECTED** to answer Interrogatory # 11.

### C.    Interrogatory # 15

Discovery Request:

What maintenance had been performed on the tractor or trailer of the subject vehicle for the 6 months prior to the collision.  For each such maintenance, please list the following: 1. What prompted the maintenance visit; 2. Who performed the maintenance; 3. Who diagnosed the necessity for maintenance; 4. What diagnosis was rendered; 5. When were the repairs performed; 6. What, if any, parts were replaced; and 7.  Did the problem reoccur?  If so, when?

<u>Answer:</u>

Routine maintenance; 1. Simple routine maintenance; 2. Either [Logie A. Phillips] or Jeans Diesel; 3. Routine maintenance was based upon routine inspections; 4. Routine maintenance and upkeep; 5. No repairs were performed. Simple routine maintenance and upkeep was performed; 6. Belts, houses, etc. in association with routine maintenance and upkeep; 7. No.

The Court finds that the answer of routine maintenance is overly vague and insufficient to properly answer Interrogatory # 15. Accordingly, the defendants are **DIRECTED** to supplement their answer to Interrogatory # 15 to more fully explain the scope of the maintenance performed. For example, if the owner's manual of the vehicle establishes a specific maintenance schedule that the defendants followed, they should state that in their answer.

### D. Interrogatory # 22

<u>Discovery Request:</u>

Describe all training that Logie A. Phillilps [sic] and/or Lonesome Dove Trucking provides or requires for its drivers/operators.

<u>Answer:</u>

The training that is required is training sufficient for a commercial truck driver to secure a commercial drivers license and to pass a drug screen and MVR.

The Court finds that the defendants' answer is responsive to a portion of the question at issue, but does not address what training, if any, is provided for drivers or operators. The Court recognizes that the use of the word "or" in the phrase "provides or requires" implies that only an answer to one or the other is required, but, in this instance, the Court finds that the plaintiffs intended for the defendants to address both any training provided and any training required. Accordingly, the defendants are **DIRECTED** to supplement their response to Interrogatory # 22 to address what training, if any, Logie A. Phillips and/or Lonesome Dove Trucking provides for its drivers/operators.

## II.     Request for Production of Documents

### A.     Request # 26

Discovery Request:

Produce any photographs taken of the semi-tractor trailer operated by the driver at the scene of the collision, or anytime after.

Response:

Objection.  The documents requested in Request No. 26 violate Rule 26 of the Federal Rules of Civil Procedure as the foundation for such request has not yet been established.

During the telephone conference, defense counsel stated that the defendants would produce any photographs in their possession of the semi-tractor trailer at issue.  Accordingly, the defendants' objection to Request # 26 is **OVERRULED** and the defendants are **DIRECTED** to produce any photographs of the semi-tractor trailer at issue.

### B.     Request # 28

Discovery Request:

Produce copies of any and all satellite communications and e-mails for the day of the collision and seven days prior, as well as all recorded ECM data with reference to all data available, including: [list of items omitted].

Response:

None.

During the telephone conference, defense counsel stated that when defendants provided the answer at issue, that the defendants were still waiting to see if the information on the ECM could be downloaded.  Defense counsel stated that the defendants have since been able to download the information and will provide that data to the plaintiffs.  Accordingly, the defendants are **DIRECTED** to supplement their response to Request # 28 and to provide the requested information.

C.      **Request 30**

Discovery Request:

Please produce a copy of the driver manual or handbook issued to J.C. Cunningham.

Response:

The only manual that I [Logie A. Phillips] have is use is [sic] a J.J. Keller manual which has a value of $40.00.  I only have one and therefore I cannot produce it.  I will make it available for inspection only.

The defendants are **DIRECTED** to provide the plaintiffs with a photocopy of the front cover, title page, and copyright page of the J.J. Keller manual so that the plaintiffs can identify which manual the defendants are using.

The defendants shall have **<u>seven days</u>** from the entry of this Order to provide a supplemental response to the plaintiffs' First Set of Interrogatories and Request for Production covering all of the issues addressed above.  The Court also notes that during the telephone conference, both sides stated that they sought an extension of time to make expert disclosures, but the parties could not reach an agreement on the issue.  Once the parties have determined whether additional disclosures are needed, they may each file the appropriate motion at that time.

**IT IS SO ORDERED.**

ENTER:


_____s/ H. Bruce Guyton_____
United States Magistrate Judge